UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GRAND POINTE, LLC; CENTURY )<br>CONSTRUCTION OF TENNESSEE, LLC, a )<br>Tennessee Entity; CENTURY )<br>CONSTRUCTION OF TENNESSEE, LLC an )<br>Alabama Entity; SOUTHERN CENTURY, )<br>LLC; CEMC IV, L.P.; CLIFFORD BYRD )<br>HARBOUR; ROBERT H. CHANDLER; and )<br>GRAND POINTE CONDOMINIUM )<br>OWNERS ASSOCIATION, )<br>)<br>Defendants. ) | No. 1:05-CV-161 (lead case)<br><br>Judge Curtis L. Collier |

## **MEMORANDUM**

Before the Court is Plaintiff RLI Insurance Company's ("RLI") motion to lift stay (Court File No. 39) and Plaintiff Cincinnati Insurance Company's ("Cincinnati") (collectively "Plaintiffs") motion to expedite (Court File No. 43). Several filings have been made with respect to these motions (Court File Nos. 40, 42, 44, 45, 50). After consideration of the above and for the following reasons the Court will **GRANT** Plaintiffs' motions and **LIFT** the **STAY** entered in this case.

### I. **RELEVANT FACTS**

RLI filed for declaratory relief against Defendants Grand Pointe, LLC; Century Construction

of Tennessee, LLC a Tennessee Limited Liability Company; Century Construction of Tennessee LLC, an Alabama Liability Company; Southern Century, LLC; CEMC IV, L.P.; Clifford Byrd Harbour, III; and Robert H. Chandler (hereinafter "Grand Pointe Defendants") on May 24, 2005 (Case No. 1:05-CV-157, Court File No. 1 ("RLI Complaint")). According to RLI's complaint, it issued a commercial umbrella liability policy to Grand Pointe Defendants for the policy period January 29, 2001 to January 29, 2002 (RLI Complaint ¶ 11). On or about August 27, 2003, Grand Pointe Condominium Owners Association, Inc. filed a lawsuit in Alabama against Grand Point, LLC (*Id.* ¶ 13). The Alabama lawsuit avers causes of action against certain insureds under the umbrella policy (*Id.* ¶ 14). The allegations and claims set forth in the Alabama lawsuit are essentially claims involving faulty workmanship (*Id.*¶ 16).

RLI alleges the claims asserted in the Alabama lawsuit do not meet the definition of an "occurrence" under the umbrella policy and several of the policy's exclusions apply to exclude coverage from the allegations and claims in the Alabama lawsuit (*Id.* ¶ 17). RLI seeks a declaratory judgment from this Court declaring RLI has no duty to defend or indemnify the insureds for damages sought in the underlying lawsuit (*Id.* p. 7).

Cincinnati filed for declaratory relief against Defendants Grand Pointe, LLC; Century Construction of Tennessee, LLC, a Tennessee Limited Liability Company; Century Construction of Tennessee, LLC, an Alabama Limited Liability Company; Clifford Byrd Harbour, III; Robert H. Chandler; Southern Century, LLC; and CEMC IV, LP (hereinafter "Century Defendants")[1] on June 2, 2005. According to Cincinnati's amended complaint it issued a commercial umbrella liability

---

[1] Grand Pointe Defendants and Century Defendants will collectively be referred to in this memorandum as "Defendants".

policy to Century Construction of Tennessee, LLC for the policy period January 29, 2002 to January 29, 2004 (Court File No. 4 ("Cincinnati Complaint"), ¶ 13). Century Defendants were named in the Alabama lawsuit previously mentioned (*Id.* ¶ 16). Cincinnati claims any defective workmanship occurred prior to the effective date of the policy and as a result it has no duty to defend or indemnify Century Defendants (*Id.* ¶¶ 22-24). Further, Cincinnati alleges the claims asserted in the Alabama lawsuit do not amount to an "occurrence" or "property damage" under the policy so it has no duty to defend or indemnify (*Id.* ¶¶ 25-28, 38). Lastly, Cincinnati contends certain policy exclusions apply and misrepresentations were made by Century Defendants on the insurance application that should result in this Court declaring Cincinnati has no duty to indemnify or defend Century Defendants in the Alabama litigation (*Id.* ¶¶ 29-36, 38).

On January 13, 2006 the Court met with most of the above mentioned parties' attorneys and decided to stay the case. An order staying the case until June 30, 2006 was entered on February 7, 2006 (Court File No. 38). Shortly thereafter, RLI, a party not represented at the January 13, 2006 meeting, filed a motion to lift the stay arguing there are no factual issues in dispute that justify a stay (*See* Court File Nos. 39, 40). Cincinnati joined RLI's motion and further moved the Court to expedite a resolution of the case (Court File No. 43).

**II.    DISCUSSION**

Plaintiffs request the Court to lift the stay entered in this case because "the Court has everything it needs available to it to make a decision as to [Plaintiffs'] obligations under the insuring agreement" (Court File No. 40, p. 3; *see also* Court File No. 44, p. 2). Defendants respond the Court does not have everything it needs to make a decision in this case. Defendants contend specific

3

factual determinations in the underlying Alabama litigation still have not been decided. As an example Defendants point to RLI's assertion Grand Pointe Defendants are not covered because some of the work on the condominium building was performed by subcontractors. However, according to RLI, it has never made such a claim because under the insurance policy "it is irrelevant whether the work was performed by an insured or by a subcontractor" (Court File No. 45, p. 3). Hence, based on RLI's representation, this particular example does not prevent the Court from lifting the stay.

Another example of a factual dispute according to Defendants, relating to the duty to indemnify, is the "question of what actually caused the alleged damages to the condominium" (Court File No. 42, p. 3). Defendants state "there is a question as to whether the glass was manufactured properly or improperly, whether the glass was installed improperly, whether the windows were designed improperly, etc." (*Id.*). The Court is not of the opinion this factual determination will make a material difference in determining whether there is a duty to indemnify. RLI and Cincinnati claim there is no duty to indemnify because the claims and allegations in the Alabama litigation concern faulty workmanship which do not meet the definition of an "occurrence" in their respective insurance policies. If Plaintiffs are correct, exactly what type of faulty workmanship caused the alleged damages is irrelevant in determining if Plaintiffs have a *duty* to indemnify Defendants.

With respect to the duty to defend, Defendants argue that issue is not ripe because they have asserted an equitable defense of estoppel and reliance upon the representations of Plaintiffs with regard to the coverage of the policy and the providing of a defense to the Alabama litigation. While there may be questions of fact on these defenses, any questions of fact regarding the defenses will not be resolved or affected by the Alabama litigation. This Court will decide these particular factual

4

issues. As such, the Court does not view these potential factual questions as a barrier to lifting the stay.

Since it appears there are no questions of fact that would keep the Court from determining whether Plaintiffs owe Defendants a duty to indemnify or defend, the Court concludes the stay should be lifted. As Plaintiffs have shown in their filings, the costs of defending the Alabama lawsuit are high. Such costs are being unjustly incurred if Plaintiffs in fact have no duty to defend Defendants.

While the Court is cognizant of a possible settlement in the Alabama lawsuit, it sees no reason why a possible settlement should delay this declaratory judgment action any longer. Even if the parties settle, the current action will not be entirely mooted. Assuming the parties settle in the Alabama lawsuit, this Court still must determine, at a minimum, whether Plaintiffs had a duty to defend because Plaintiffs have requested reimbursement for all costs associated with defending the Alabama lawsuit. Accordingly, the Court will lift the stay it previously entered in this case.

### III. CONCLUSION

For the reasons stated above, the Court will **GRANT** Plaintiffs' motions (Court File Nos. 39, 44) and **LIFT** the **STAY** entered on February 7, 2006 (Court File No. 38).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**