UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| CINCINNATI INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GRAND POINTE, LLC; CENTURY | ) | No. 1:05-CV-161 (lead case) |
| CONSTRUCTION OF TENNESSEE, LLC, a | ) | |
| Tennessee Entity; CENTURY | ) | Judge Curtis L. Collier |
| CONSTRUCTION OF TENNESSEE, LLC an | ) | |
| Alabama Entity; SOUTHERN CENTURY, | ) | |
| LLC; CEMC IV, L.P.; CLIFFORD BYRD | ) | |
| HARBOUR; ROBERT H. CHANDLER; and | ) | |
| GRAND POINTE CONDOMINIUM | ) | |
| OWNERS ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM**

Defendant Grand Pointe Condominium Owners Association ("Grand Pointe") and Defendants Grand Pointe, LLC; Century Construction of Tennessee, LLC, a Tennessee Limited Liability Company; Century Construction of Tennessee, LLC, an Alabama Limited Liability Company; Southern Century, LLC; CEMC IV, L.P.; Clifford Byrd Harbour; and Robert H. Chandler (collectively referred to as "Defendants") have filed motions to alter or amend the Court's Memorandum opinion and Order dated June 29, 2006 (Court File Nos. 105, 106) pursuant to Fed. R. Civ. P. 59(e) (Court File Nos. 108, 110) and briefs in support of their motions (Court File Nos. 109, 111). Plaintiff Cincinnati Insurance Company ("Cincinnati") filed a brief in response (Court File No. 112) and Grand Pointe filed a brief in reply (Court File No. 113).

For the following reasons, the Court will **DENY** Grand Pointe and Defendants' motions to

alter or amend (Court File Nos. 108, 110).

I. **STANDARD OF REVIEW**

A Rule 59(e) motion may be granted for three reasons:

(1) To correct a clear error of law;

(2) To account for newly discovered evidence or an intervening change in the controlling law; or

(3) to otherwise prevent manifest injustice.

*Gen Corp., Inc. v. Amer. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *McClendon v. B & H Freight Services, Inc.*, 910 F. Supp. 364, 365 (E.D. Tenn. 1995).

II. **DISCUSSION**

Grand Pointe and Defendants make three alternative requests. First, they request the Court to withdraw its prior Memorandum and Order and enter a stay until the Tennessee Supreme Court issues a decision in the case of *Travelers Indem. Co. of Am. v. Moore & Assoc., Inc.*, 2005 WL 2293009 (Tenn. Ct. App. Sept. 20, 2005) (slip copy), *perm. app. granted*, March 20, 2006. According to Grand Pointe and Defendants, the Tennessee Supreme Court may interpret the 1986 Insurance Services Office, Incorporated ("ISO") subcontractor exception to the "your work" exclusion in a commercial general liability ("CGL") policy in such a way that would affect the Court's prior holding in this case. While it is possible the Tennessee Supreme Court may do as Grand Pointe and Defendants predict, a stay in this case is unwarranted.[1] The trial in the litigation

---

[1] It is also possible any interpretation of the 1986 ISO subcontractor exception espoused by the Tennessee Supreme Court may be in harmony with existing law or may not apply to this case

2

underlying this action is scheduled to begin in August 2006 in Alabama. Oral argument before the Tennessee Supreme Court in *Travelers* is currently scheduled to take place in October 2006. For obvious reasons, if the Court entered a stay, Cincinnati likely would be significantly prejudiced. The Court is unwilling to take such a course of action on the mere "possibility" the Tennessee Supreme Court might decide to change well settled Tennessee law.

Second, Grand Pointe and Defendants ask the Court to withdraw its prior Memorandum opinion and Order and certify questions to the Tennessee Supreme Court pursuant to Rule 23 of the Tennessee Rules of the Supreme Court regarding the effect of the 1986 ISO subcontractor exception on existing Tennessee law. Again, trial in the underlying case is imminent. The Court is certain the Tennessee Supreme Court would not have ample time to answer this Court's questions before the trial took place in Alabama. Further, the Court is confident its decision is in line with well settled Tennessee law, so the Court sees no need to certify any questions to the Tennessee Supreme Court. Accordingly, the Court will not certify questions to the Tennessee Supreme Court.

Lastly, Grand Pointe and Defendants urge the Court to withdraw its previously entered Memorandum and Order and issue a new opinion and order holding the subcontractor exception results in coverage in this case. In support of their urging, Grand Pointe and Defendants submit a recent decision of the Kansas Supreme Court, *Lee Builders, Inc. v. Farm Bureau Mut. Ins. Co.*, -- P.3d --, 2006 WL 1561294 (Kan. June 9, 2006). Unfortunately for Grand Pointe and Defendants, the Kansas Supreme Court, rather than the Tennessee Supreme Court, issued the decision, and the

---

at all because in this case, unlike *Travelers*, there are no alleged damages in the underlying complaint to "other property." *Travelers*, 2005 WL 2293009 at *6. Rather, the damages alleged here are damages solely to Defendants' own work product.

3

opinion rested on Kansas law, not Tennessee law. Also in support of this particular request, Grand Pointe and Defendants rehash the same arguments already presented to the Court in their briefs in opposition to Cincinnati's motion for summary judgment. These arguments were already considered and rejected by the Court. The Court need not restate its reasons for rejecting these arguments.

Grand Pointe and Defendants have failed to demonstrate the Court's decision to declare Cincinnati has no duty to defend or indemnify Defendants was a clear error of law. In addition, Grand Pointe and Defendants have not carried their burden in proving manifest injustice, nor have they presented newly discovered evidence or cited any intervening change in *controlling* law that warrants any change in the Court's June 29, 2006 Memorandum opinion and Order. Accordingly, Grand Pointe and Defendants' motions to alter or amend will be **DENIED**.

## II. CONCLUSION

For the reasons just discussed, Grand Pointe and Defendants' motions to alter or amend the Court's June 29, 2006 Memorandum and Order (Court File Nos. 108, 110) will be **DENIED.**

An Order shall enter.

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**