UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| CINCINNATI INSURANCE COMPANY; | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 1:05-CV-161 (lead case) |
| | ) | |
| v. | ) | Chief Judge Curtis L. Collier |
| | ) | |
| GRAND POINTE, LLC, *et al*, | ) | |
| | ) | |
| *Defendants*. | ) | |

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 1:05-CV-157 |
| | ) | |
| v. | ) | Chief Judge Curtis L. Collier |
| | ) | |
| GRAND POINTE, LLC, *et al*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## **M E M O R A N D U M**

Before the Court is Defendants Grand Pointe, LLC; Century Construction of Tennessee, LLC, a Tennessee Limited Liability Company; Century Construction of Tennessee, LLC, an Alabama Limited Liability Company; Southern Century, LLC; CEMC IV, L.P.; Clifford Byrd Harbour, III; and Robert H. Chandler's (collectively referred to as "Defendants") motion to reconsider, alter, amend, or vacate this Court's memorandum opinion and order dated August 11, 2006 which granted summary judgment in favor of Plaintiff RLI Insurance Company ("RLI") and found RLI does not have a duty to defend Defendants in an underlying lawsuit (Court File No. 155). RLI filed a response brief in opposition (Court File No. 161). For the following reasons, the Court

will **DENY** Defendants' motion to reconsider, alter, amend, or vacate (Court File No. 155).

I.      **STANDARD OF REVIEW**

Defendants rely on Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") and Federal Rule of Civil Procedure 60 ("Rule 60") in support of their motion for reconsideration.[1] Rule 59(e) authorizes motions to alter or amend a judgment if filed within ten days after entry of the judgment. The Court's previous order was entered on August 11, 2006 and Defendants filed their motion to reconsider on April 10, 2007. More than ten (10) days have elapsed, accordingly, Defendants may not rely upon Rule 59(e).

Under Rule 60, a court has discretion to provide relief from a judgment or order upon a showing of cause within a reasonable time. Rule 60(a) addresses clerical errors. Rule 60(b) addresses all other bases for reconsideration:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b). With regard to the catch-all provision of Rule 60(b)(6), the United States

---

[1] Defendants specifically cite Fed. R. Civ. P. 60.02(5) in support of their motion. This rule does not exist, therefore, the Court will assume Defendants rely on Federal Rule of Civil Procedure 60. Defendants also cite Federal Rule of Civil Procedure 56 in support of their motion; however, that rule deals with summary judgment and the Court finds it irrelevant to the instant motion for reconsideration.

Court of Appeals for the Sixth Circuit ("Sixth Circuit") has stated:

> Rule 60(b)(6) should apply only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. Courts, however, must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present.

*Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (citations and quotation marks omitted).

Motions to reconsider under Rule 60(b) are "opportunit[ies] for [the district court] to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *United States v. Davis*, 939 F. Supp. 810, 812 (D. Kan. 1996). Rule 60(b) motions are addressed to the sound discretion of the district court, which must balance the ends of justice with public interest in the finality of the court's decisions. *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999); *Aetna Cas. & Sur. Co. v. Home Ins. Co.*, 882 F. Supp. 1355, 1356 (S.D.N.Y. 1995). Such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000). "[A] Rule 60(b) motion is not a substitute for an appeal." *Kai Wu Chan v. Reno*, 932 F. Supp. 535, 539 (S.D.N.Y. 1996).

**II.     FACTS**

The Court has already outlined the applicable facts in its previous memorandum opinions (Court File Nos. 105 & 114); however, in the interest of clarity, the Court will state the facts relevant to a determination of the current motion under consideration. Two insurance companies, RLI and Cincinnati Insurance Company ("Cincinnati") brought the present actions (which were consolidated)

in this Court seeking a declaration they have no duty to defend or indemnify Defendants and for reimbursement of all fees and costs incurred in providing Defendants a defense in an Alabama lawsuit (Court File Nos. 105 & 114). In the underlying action multiple condominium unit owners brought suit in Baldwin County, Alabama against several entities and individuals that developed and/or constructed a condominium building in Orange Beach, Alabama (Defendants in the current action). *Id*. These suits basically allege specific condominium units were not worth the promised value because they were incomplete and not as luxurious as promised. *Id*.

Both insurance companies filed motions for summary judgment (Court File Nos. 47 & 57). For the purposes of clarity, the Court addressed these motions in separate memorandum opinions. On June 29, 2006 the Court entered a memorandum opinion and order granting Cincinnati's motion for summary judgment and declaring Cincinnati does not have a duty to defend or indemnify the Defendants in connection with the lawsuit filed in Alabama (Court File Nos. 105 & 106). On July 7, 2006 Defendants filed motions to alter or amend the Court's order granting Cincinnati's motion for summary judgment (Court File Nos. 108 & 110). Specifically, Defendants requested the Court to: (1) withdraw its prior order and stay the case until the Tennessee Supreme Court issued a decision in the case of *Travelers Indem. Co. of Am. v. Moore & Assoc., Inc.*, No. M2004-01233-COA-R3-CV, 2005 WL 2293009 (Tenn. Ct. App. Sept. 20, 2005), (2) certify questions to the Tennessee Supreme Court regarding the relevant issues, or (3) simply reverse its earlier opinion (Court File No. 116). The Court was unwilling to stay the case, certify questions to the Tennessee Supreme Court, or reverse its previous holding since it was confident its decision was based upon well-settled Tennessee law. *Id*. Specifically, the Court was unwilling to stay the case on the mere "possibility" the Tennessee Supreme Court might decide to change well-settled law. *Id*.

4

The Court noted that while it was possible the ultimate decision in *Travelers* may change existing law, it is also possible that the decision will be in harmony with existing law or may not apply to the instant case at all. *Id*. The Court forecasted the ultimate decision in *Travelers* may not apply to the instant action since, "unlike *Travelers*, there are no alleged damages in the underlying complaint to 'other property' . . . Rather, the damages alleged here are damages solely to Defendants' own work product." (Court File No. 116 at n.1). Accordingly, the Court issued a memorandum opinion and order denying Defendants' motions to alter or amend its previous order (Court File Nos. 116 & 117). Defendants subsequently appealed this decision to the Sixth Circuit and ultimately reached a settlement and compromise with Cincinnati (Court File Nos. 119 & 138).

On August 11, 2006 the Court entered a separate memorandum opinion and order granting RLI's motion for summary judgment and declaring RLI has no duty to defend or indemnify Defendants in the Alabama litigation (Court File Nos. 114 & 115).[2] In support thereof, the Court referenced the reasoning contained in its previous memorandum opinion and order granting summary judgment in favor of Cincinnati (Court File No. 114). The Court then referred a related issue concerning Cincinnati and RLI's requests for reimbursement of all costs, fees, and expenses incurred in defending the insured Defendants in the underlying lawsuit to Magistrate Judge Susan K. Lee for consideration (Court File No. 118). Subsequently, the Tennessee Supreme Court issued its opinion in *Travelers* on March 7, 2007. *Travelers Indem. Co. of Am. v. Moore & Associates, Inc.*, 216 S.W.3d 302 (Tenn. 2007). Thereafter, on April 10, 2007 Defendants filed the instant motion

---

[2] Most of the issues resolved in the Court's memorandum opinions and orders concerning both Cincinnati's and RLI's motions for summary judgment are identical, including the relevant facts. The Court declined to address both motions in one memorandum "for the purpose of clarity" and "due to the additional issues raised" in the motions for summary judgment related to the RLI policy (Court File No. 114).

5

to reconsider, alter, amend, or vacate the Court's previous order in light of the Tennessee Supreme Court's decision in *Travelers* (Court File No. 155).

## III.  DISCUSSION

The Court's memorandum opinion and order dated August 11, 2006 (Court File Nos. 114 & 115): (1) granted RLI's motion for summary judgment (Court File No. 57) and declared RLI has no duty to defend or indemnify Defendants, and (2) denied Defendants' respective motions for summary judgment (Court File Nos. 90 & 100). Defendants request reconsideration of this order based solely upon the Tennessee Supreme Court's recent decision in the *Travelers* case. Specifically, Defendants contend under the decision in *Travelers*, there is clearly an "occurrence" and "property damage" within the RLI policy and they are therefore entitled to a defense under the policy. Defendants also contend the Tennessee Supreme Court interpreted the 1986 Insurance Services Office, Incorporated ("ISO") subcontractor exception to the "your work" exclusion in a commercial general liability ("CGL") insurance policy in such a way which affects the Court's prior holding in this case.[3]

Pursuant to the insuring agreement portion of the RLI policy, RLI "will pay on behalf of the insured all sums which the insured becomes legally obligated to pay as ultimate net loss, because of . . . bodily injury and property damage . . . caused by an occurrence which takes place during the policy period." (Court File No. 114). Therefore, in order for a duty to defend to arise there must

---

[3] Defendants also rehash many of the same arguments they previously presented to the Court. These arguments were already considered and rejected by the Court. Therefore, the Court need not restate its reasons for rejecting these arguments (Court File Nos. 105 & 114).

be an "occurrence" and "property damage."[4] In its previous memorandum opinion and order the Court held the damages claimed in the underlying complaint to correct faulty workmanship do not fall within the scope of "property damage" under both the RLI policy and Tennessee law. Although, Defendants argued the underlying complaint alleges more than damages for faulty workmanship, the Court rejected Defendants' argument and concluded "the damages alleged are damages to Defendants' own work product, not to something other than the Defendants' own work product" (Court File No. 114). The Court based this holding primarily on three Tennessee cases which stand for the proposition that under Tennessee law a claim limited to remedying faulty workmanship or materials does not constitute "property damage" as defined in a CGL insurance policy.[5] In other words, there must be allegations of damage to something other than Defendants' own work product. In rendering its memorandum opinion and order granting summary judgment in favor of RLI, the Court specifically relied upon the Court of Appeals decision in *Travelers*, which was affirmed, in all respects, by the Tennessee Supreme Court. *Travelers*, 216 S.W.3d at 311.

The Court has reviewed the Tennessee Supreme Court's opinion in *Travelers*. As the Court anticipated this opinion has no effect on the instant case (Court File No. 116 at n.1). In *Travelers*, the Tennessee Supreme Court simply affirmed and clarified existing Tennessee law concerning the definition of "property damage" in a CGL insurance policy by holding "claims alleging only

---

[4] Both of these terms are specifically defined within the terms of the policy as well as by Tennessee case law.

[5] The Court relied upon: *Vernon Williams & Son Constr., Inc. v. Cont'l Ins. Co.*, 591 S.W.2d 760 (Tenn. 1979); *Standard Fire Ins. Co. v. Chester-O'Donely & Assocs., Inc.*, 972 S.W.2d 1 (Tenn. Ct. App. 1998); and *Travelers Indem. Co. of Am. v. Moore & Assoc., Inc.*, No. M2004-01233-COA-R3-CV, 2005 WL 2293009 (Tenn. Ct. App. Sept. 20, 2005), *aff'd*, 216 S.W.3d 302 (Tenn. 2007) (Court File Nos. 105 & 114).

damages for replacement of a defective component or correction of faulty installation do not allege 'property damage.'" *Travelers*, 216 S.W.3d at 311. Therefore, Defendants have failed to show any change in the controlling law which would justify altering, amending, or vacating this Court's previous order.

In *Travelers* the Tennessee Supreme Court found an insurance company had a duty to defend because, unlike the instant case, the underlying damage allegations were not limited to the faulty workmanship itself. *Id*. In that case, Hilcom, a hotel business, contracted with Moore & Associates ("Moore"), a general contractor, to build a hotel in Houston, Texas. *Id*. at 304. After completion of the hotel, Hilcom filed a demand for arbitration alleging construction and design defects. *Id*. Hilcom claimed Moore's subcontractors installed defective windows which allowed for the penetration of water which caused premature deterioration. *Id*. Hilcom also specifically alleged these defects caused damage to components other than the structure itself including interior wall coverings and fixtures.[6] *Id*. Both the Tennessee Court of Appeals and the Tennessee Supreme Court found Hilcom's allegations fell within the definition of "property damage" since they included damages to something other than Moore's faulty workmanship, i.e., damages to Hilcom's property, which was expressly omitted from the build-design contract. *Travelers*, 216 S.W.3d at 310; *Travelers*, 2005 WL 2293009, *12.

Defendants point out that in *Travelers*, the Tennessee Supreme Court discussed the definition of "occurrence" in a CGL insurance policy and held as a matter of first impression "damages arising

---

[6] The build-design contract between the parties specifically contemplated certain items, such as wall coverings, carpets, light fixtures, and draperies, were to be supplied by Hilcom and not the contractor. *Travelers Indem. Co. of Am. v. Moore & Assoc., Inc*., No. M2004-01233-COA-R3-CV, 2005 WL 2293009, *4 (Tenn. Ct. App. Sept. 20, 2005), *aff'd*, 216 S.W.3d 302 (Tenn. 2007).

8

from faulty workmanship may be the result of an 'occurrence.'" *Travelers*, 216 S.W.3d at 309. However, in order to trigger coverage, under the express terms of the insuring agreement portion of the RLI policy, the damages alleged in the underlying suit must constitute "property damage." In other words, without an allegation of "property damage" there can be no "occurrence." Although the Tennessee Supreme Court in *Travelers* stated it defined "property damage" in *Vernon Williams & Son Construction, Inc. v. Continental Insurance Company*, it noted the result in that case was based upon CGL exclusions and not the insuring agreement portion of a CGL policy. *Id*. at 309 (restating the rule from *Vernon Williams* as "a claim limited to faulty workmanship or materials does not constitute injury to or destruction of tangible property" )(citations and quotation marks omitted). However, the *Travelers* court upheld the rule it stated in *Vernon Williams* defining "property damage" and specifically applied it in the context of the insuring agreement portion of a CGL policy. *Id*. at 309-310. Therefore, the Tennessee Supreme Court clarified the rule contained in *Vernon Williams* is applicable to the insuring agreement portion of a CGL policy. Accordingly, *Travelers* affirmed long-standing Tennessee law that a claim limited to faulty workmanship or materials where the "sole damages are for replacement of a defective component or correction of faulty installation" does not fall within the definition of "property damage" in a CGL insurance policy. *Id*. at 310.

This Court's previous memorandum opinion and order finding RLI does not have a duty to defend Defendants is completely unaffected by the Tennessee Supreme Court's decision in *Travelers*. The *Travelers'* opinion simply reinforced the rule of law upon which this Court relied. As previously indicated, the damages alleged in the instant case are damages solely to "the condominium building, which is what Defendants were contracted to design and build . . . there is no allegation of damage to something other than Defendants' own work product." (Court File Nos.

9

105, 114, & 116). Accordingly, there are no allegations of "property damage" as that term is defined in the RLI policy and by the Tennessee Supreme Court. It follows that RLI does not have a duty to defend under the insuring agreement.

The *Travelers* court also discussed exclusions to a CGL policy, specifically the "your work" exclusion as well as the "subcontractor exception" to that exclusion. The Tennessee Supreme Court noted that the CGL policy at issue in *Vernon Williams* did not contain the subcontractor exception; however, the policy at issue in *Travelers* did contain such exception. *Id*. at 310. The court held "damages arising out of the work performed by subcontractors fall outside the 'exclusion' and are covered under the CGL." *Id*. Defendants seem to focus on this portion of the *Travelers'* opinion; however, because Defendants have failed to meet the definitions within the insuring agreement, there is no need to discuss the exclusions or exceptions to coverage.[7] "When the insurance contract in question is a CGL, the 'insuring agreement' should be construed before the 'exclusions.'" *Id*. at 306; *see also Standard Fire Ins. Co. v. Chester O'Donley & Assocs., Inc.*, 972 S.W.2d 1, 7-8 (Tenn. Ct. App. 1998)("if coverage cannot be found in the insuring agreement, it will not be found elsewhere in the policy . . . exclusions can only decrease coverage"). Pursuant to the terms of the policy, without "property damage," there is no coverage. Accordingly, it is futile to consider the

---

[7] Specifically, the RLI policy contains the "your work" exclusion, but does not expressly contain the "subcontractor exception" to that exclusion; however, Defendants argue the insurance agent represented that it did. Under *Travelers*, this subcontractor exception would provide coverage for work to the insured's product by subcontractors if the terms of the insuring agreement were meet. Defendants argue estoppel requires the Court to read the "subcontractor exception" into the RLI policy and/or waive the "your work" exclusion. The Court finds it unnecessary to consider these arguments as they relate to exclusions to the RLI policy.

exclusions to the policy since there is no initial coverage under the insuring agreement.[8]

In sum, this Court has already held the damages alleged in this case are damages solely to the Defendants' own work product; therefore, they do not fall within the scope of the definition of "property damage" and RLI has no duty to defend (Court File No. 114). The Tennessee Supreme Court's decision in the *Travelers* case affirmed the controlling law regarding this issue. *Travelers*, 216 S.W.3d at 311 ("We hold that claims alleging only damages for replacement of a defective component or correction of faulty installation do not allege 'property damage.'"). Therefore, the Court remains confident its decision is in line with well-settled Tennessee law and Defendants have not provided sufficient reason, pursuant to Rule 60, to alter, amend, or vacate the Court's previous memorandum opinion and order granting summary judgment in favor of RLI (Court File Nos. 114 & 115).

## IV. CONCLUSION

For the forgoing reasons, Defendants' motion to reconsider, alter, amend, or vacate the Court's previous memorandum opinion and order granting summary judgment in favor of RLI and declaring RLI does not have a duty to defend or indemnify Defendants (Court File No. 155) will be **DENIED.**

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[8] RLI also makes alternative arguments which the Court finds unnecessary to consider (Court File No. 161).